IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWIGHT BURKES,                              *
    Petitioner
                                *

          v.                       CIVIL ACTION NO. DKC-05-2305

                                *

WARDEN DEWALT,
    Respondent

                          ******

## MEMORANDUM

On August 19, 2005, Petitioner, presently incarcerated at the Federal Prison Camp ("FPC"), Cumberland, Maryland, filed a Petition for Injunctive Relief which was construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Paper No. 1. Petitioner contends that Respondent created a "new policy to increase punishment in violation of the APA denying halfway house time without providing inmates notice." *Id*. Petitioner further alleges that Respondent violated his due process rights "when [he] refused to provide inmates with notice that he will start denying halfway house to inmates who receive incident reports." *Id*. He seeks injunctive relief ordering Respondent "to reconsider his placement in a CCC [for] the...remain[ing] 10% of his sentence." *Id.*

The case now is before the Court on Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 3. Petitioner has replied. Paper Nos. 5 and 6. No hearing is needed to resolve the issues raised in this case. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Respondent, treated as a motion for summary judgment, will be granted.

### Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be

granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue as to
> any material fact and that the moving party is entitled to a judgment as a
> matter of law.

> Not every factual dispute will defeat the motion.  As the Supreme Court has stated,
> [b]y its very terms, this standard provides that the mere existence of *some*
> alleged factual dispute between the parties will not defeat an otherwise
> properly supported motion for summary judgment; the requirement is that
> there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)).  With this standard in mind, the court now examines Petitioner's claims.

## Background

Petitioner is a federal inmate serving a seventy month sentence with a projected release date of March 22, 2006, via Good Conduct Time release.  Paper No. 3, Ex. 1.  On March 9, 2005, as a result of Petitioner's program review, his unit team recommended him for one hundred fifty (150) to one hundred eighty (180) days placement in a Community Corrections Center ("CCC").  *Id*., Ex. 2.  On March 22,

2005, Petitioner was found guilty of two rule infractions and was sanctioned with the disallowance of twenty-seven days good conduct time, twenty days disciplinary segregation, sixty days impounding of his personal property, fifteen days disciplinary segregation suspended pending one hundred eighty days of clear conduct, and ninety days social visiting restriction. *Id*., Ex. 2 At Petitioner's next program review, held on June 2, 2005, his unit team informed him that he had been referred to a ninety (90) to one hundred twenty (120) day CCC placement. Petitioner was advised that the time recommended to be spent in CCC placement has been decreased due to his recent disciplinary proceedings. *Id*., Attachment E.

On July 15, 2005, Petitioner submitted an "Inmate Request to Staff Member" to Respondent inquiring why the recommendation for CCC had been reduced. *Id*., Attachment C. Respondent advised Petitioner that the CCC recommendation had been reduced based on "concerns regarding [Petitioner's] ability to successfully complete a CCC placement range of 150-180 days" due to Petitioner's recent infractions. *Id*., Attachment D. Petitioner did not make any further effort to pursue available administrative remedies. *Id*., Ex. 1.

## Analysis

### A.    Exhaustion:

The court first examines Respondent's contention that this action should be dismissed in its entirety due to Petitioner's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court

has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Petitioner's allegation. *See Carmona v. Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001) (federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief). *See also Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1991). Petitioner's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Respondent has forfeited his right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process, regardless of the form of relief sought. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where prisoner did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The Bureau of Prisons has instituted a three tier administrative remedy process. Initially a prisoner

must attempt to informally resolve his complaint with staff.  If attempts at informal resolution are

unsuccessful he may file a written complaint to the warden on a prescribed form.  This must be done within

twenty days of the incident giving rise to the complaint unless the prisoner can demonstrate a valid reason

for delay.  28 C.F.R. §542.14(a). If the prisoner is not satisfied with the warden's response he may appeal

to the Regional Director.  This must be done within twenty days from the date of the warden's decision.

28 C.F.R. §542.15(a). Finally, if the prisoner is not satisfied with the response of the Regional Director he

may appeal to the Office of General Counsel.  This must be done within thirty days from the date of the

Regional Director's response.  *Id*.  Administrative remedies are not deemed to have been exhausted until

an inmate has filed his complaint at all levels. 28 C.F.R. §542.15(a).

  The uncontroverted evidence shows that Petitioner filed an informal  "inmate request to staff

member" but failed to file any appeal of the Warden's denial of his complaint.  Paper No. 3, Ex. 1.

Petitioner's claim that exhaustion would be futile because the federal regulations have been changed to only

permit an inmate to serve the final 10% of a sentence in a CCC is entirely misplaced.  Petitioner's unit

team's recommendation for placement in a CCC was not altered as a result of any change in federal

regulations or BOP policy but rather as a result of Petitioner's conduct.  As such, Petitioner was free to

pursue his administrative remedies in an effort to have the Warden, Regional Director and/or Central Office

reconsider and correct the reduction in his CCC placement.  This he did not do.  Accordingly, the Petition

must be dismissed.

## B. Injunctive relief

  Petitioner's initial filing was titled Motion for Injunctive Relief.  Paper No.1.  He has also filed a

Motion for Declaratory Judgment.  Paper No. 5.  Because the case is being dismissed, his particular

request for relief is moot.  In any event, in order to obtain preliminary injunctive relief under F. R. Civ. P.

65, Petitioner must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction

is denied; (ii) the likelihood that Respondent will not be harmed if the requested relief is granted; (iii) the

likelihood that Petitioner will succeed on the merits; and (iv) that the public interest will be served if the

injunction is granted.  *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-

96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).

      The BOP has been granted the exclusive authority to designate the place of confinement of a federal

prisoner. *See* 18 U.S.C. § 3621.  Title 18 U.S.C. § 3624(c) allows the BOP to place inmates, "to the

extent practicable" in a CCC for a "reasonable part" of the inmates sentence " not to exceed six months...."

This statute is not mandatory:  rather, it is discretionary.  *See Lyle v. Sivley*, 805 F. Supp. 755 (D. Ariz.

1992); *Fagiolo v. Smith*, 326 F.Supp 2d 589, 592 (M.D. PA 2004) (prisoner is entitled to be considered

for CCC confinement, but is not entitled to placement in a CCC under 18 U.S.C. § 3624(c)).

Additionally, "the statute does not state any minimum amount of time that has to be given an inmate to live

in the community prior to his release, but merely states that it cannot be more than six months." *Giannolla*

*v. BOP*, 2002 WL 32714319 (E.D.N.C. Aug. 16, 2002).

      In light of the foregoing, Petitioner has failed to demonstrate the likelihood that he will be irreparably

injured if he is not granted placement in a CCC for longer than the period granted by his unit team.

Accordingly his motions for injunctive and declaratory relief shall be denied.

      A separate order follows.

<u>November 3, 2005</u>                        _____/s/_____

                                         DEBORAH K. CHASANOW
                                       United States District Judge